[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17072
Non-Argument Calendar

_____

D. C. Docket No. 08-60183-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELANIE PRENDERGAST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 22, 2009)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Melanie Renee Prendergast appeals her 60-month sentence imposed for

making a false statement in an application for a passport and falsely representing that a Social Security number was assigned to her, in violation of 18 U.S.C. § 1542 and 42 U.S.C. § 408(a)(7)(B). Prendergast argues that the sentence was a departure from the Sentencing Guidelines, not a variance, based on the district court referring to it as such and holding a hearing regarding a departure. She contends that the district court relied on inappropriate or irrelevant factors when deciding to increase her sentence to an unreasonable degree.

The reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). The party challenging a sentence "bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." *United States v. Talley,* 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

A major departure or variance from the Guidelines requires more justification than a minor one. *Gall*, 552 U.S. at __, 128 S. Ct. at 597. We will only overturn a sentence "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. McBride*, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (per curiam) (internal quotation marks and citation omitted).

2

In *United States v. Irizarry*, 458 F.3d 1208, 1211 (11th Cir. 2006) (per curiam), *aff'd Irizarry v. United States*, 128 S. Ct. 2198 (2008), we held that when a district court utilized a properly calculated Guidelines range and then considered the adequacy of that range in light of the § 3553(a) sentencing factors, it constituted a variance analysis and not a departure. *See also United States v. Eldick*, 443 F.3d 783, 788 n.2 (11th Cir. 2006) (per curiam) (holding that a sentence constituted a variance and not a departure where the district court did not cite to a specific guidelines departure provision and stated that the guidelines "did not adequately take into account the severity of the damage done by [the defendant]"). Here, the district court utilized a properly calculated Guidelines range and subsequently varied upward. Thus, regardless of the terminology employed by the district court, we construe the district court's sentence as a variance from the Guidelines range.

In order to vary from the properly calculated Guidelines range, district courts must consider the factors set out in 18 U.S.C. § 3553(a). Those factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to

3

protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The district court did not abuse its discretion in imposing a sentence above the Guidelines range because it properly considered the § 3553(a) factors. The district court noted that Prendergast did not just use her stolen identity to obtain work, but also accrued thousands of dollars in unpaid fees, charges, and taxes. The victim suffered damages beyond monetary loss, undergoing emotional anguish and expending considerable time to repair the damage to her credit rating. Among other consequences, Prendergast's abuse of the victim's financial identity resulted in the victim being denied a home loan, which in turn negatively affected both the victim's husband and child. The district court further found that a higher sentence was necessary to deter not only potential, future identity thieves, but specifically to

4

deter Prendergast from committing this type of crime again. The district court noted that Prendergast had managed to steal the victim's identity with little effort and had continued the fraud for six years. Each of these considerations was a proper consideration under § 3553(a), as these considerations relate to the nature and circumstances of this offense, the seriousness of this offense, and the need for deterrence.[1]

Upon consideration of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**

---

[1]Prendergast further argues that it was inappropriate for the district court to rely on (a) the fact that she committed perjury to receive her fraudulent passport because swearing falsely is an element of the charged crime and (b) the district court's concern that there are national security concerns implicated in receipt of a fraudulent passport because she personally took no action that concerned national security. We decline to decide the appropriateness of the district court's reliance on these factors, in light of the fact that the district court relied on numerous other factors that are clearly relevant to the § 3553(a) analysis.